# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RUSSELL YEAGER,

    Petitioner,

vs.

DWIGHT W. NEVEN, *et al.*,

    Respondents.

Case No. 2:13-cv-00928-GMN-VCF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, by a former Nevada state prisoner. Before the Court are the following motions: petitioner's motion for the appointment of counsel (ECF No. 6), respondents' motion to dismiss the petition (ECF No. 11), respondents' motion to strike (ECF No. 18), and respondents' amended motion to dismiss the petition (ECF No. 20).

**I. Procedural History**

    On October 24, 1979, following the entry of a guilty plea, the Fifth Judicial District Court for the State of Nevada sentenced petitioner to life in prison without the possibility of parole on a conviction of murder. (Exhibit 1).[1] Petitioner was later allowed to withdraw his former plea of guilty and was resentenced to life with the possibility of parole. (Exhibit 2).

    The Nevada Board of Parole Commissioners granted petitioner parole in 2001, but the parole was rescinded when Massachusetts refused to accept him. (Exhibit 39, at p. 1). Petitioner was granted parole again in 2002, but because he was unable to provide an acceptable release plan to the Nevada Division of Parole and Probation (P&P), that parole was also rescinded. (*Id.*, at p. 1-2).

    On September 18, 2003, the state district court dismissed petitioner's original state habeas petition challenging the failure to release him on parole in 2002. (Exhibit 19). The Nevada Supreme Court affirmed the ruling. (Exhibit 38).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 12-13.

1  On February 26, 2004, the state district court dismissed a second state habeas petition challenging the parole board's 2002 decision to deny parole unless he submitted an acceptable release plan to P&P. (Exhibit 33). The Nevada Supreme Court again affirmed. (Exhibit 41).

On December 11, 2009, the parole board again granted petitioner parole. (Exhibit 49). Petitioner remained incarcerated. Petitioner filed a petition for a writ of mandamus with the Nevada Supreme Court seeking release on parole pursuant to the 2009 grant of parole. (Exhibit 45). The Nevada Supreme Court denied the petition for lack of original jurisdiction. (Exhibit 46).

On May 22, 2013, petitioner dispatched his § 2241 federal habeas petition to this Court, at which time he was incarcerated. In Grounds 1 and 2 of the petition, petitioner alleges a violation of due process, international law, and state law because he was granted mandatory parole pursuant to state law on December 9, 2009, but he had not been released. In Ground 3, petitioner alleges cruel and unusual punishment because he was exposed to violence and detainment, and was denied medical treatment.

Respondents originally moved to dismiss this action on November 6, 2013, as not properly raised in a § 2241 habeas petition, unexhausted, not cognizable, and for failure to state a claim upon which relief may be granted. (ECF No. 11). Petitioner opposed the motion. (ECF No. 15). Respondents filed a reply. (ECF No. 16). Petitioner filed a "rebuttal" to respondents' reply, which respondents seek to strike. (ECF Nos. 17 & 18). On January 9, 2014, respondents filed an amended motion to dismiss the petition as moot because petitioner was released on parole on or about January 2, 2014. (ECF No. 20). Petitioner opposed the amended motion to dismiss. (ECF No. 22). Respondents filed a reply. (ECF No. 23). The Court now addresses all pending motions in this action.

**II. Discussion**

**A. Petitioner's Motion for Appointment of Counsel**

Petitioner has filed a motion for the appointment of counsel. (ECF No. 6). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v.*

*Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring.  The issues in this case are not complex.  Counsel is not justified in this instance.  The motion for appointment of counsel is denied.

**B.  Respondents' Motion to Strike**

Respondents filed motion to dismiss the petition.  (ECF No. 11).  Petitioner filed a response to the motion to dismiss.  (ECF No. 15).  Respondents filed a reply.  (ECF No. 16).  Petitioner then filed a "rebuttal" to respondents' reply.  (ECF No. 17).  Respondents seek to strike petitioner's "rebuttal."  (ECF No. 18).  Local Rule of Civil Practice 7-2 provides for the filing of a motion, a response, and a reply, unless otherwise ordered by the Court.  The Local Rules do not contemplate the filing of a "rebuttal" to a reply in motion practice, and petitioner failed to seek leave to deviate from the Local Rules.  Therefore, respondents' motion to strike is granted.  The Clerk of Court shall strike petitioner's "rebuttal" filed on December 13, 2013.  (ECF No. 17).

**C.  Motion to Dismiss & Amended Motion to Dismiss**

On November 6, 2013, respondents filed a motion to dismiss the petition as not properly raised in a § 2241 habeas petition, unexhausted, not cognizable, and for failure to state a claim upon which relief may be granted.  (ECF No. 11).  On January 9, 2014, respondents filed an amended motion to dismiss the petition based on the newly discovered evidence that petitioner was released on parole on or about January 2, 2014.  (ECF No. 20).

A federal court lacks jurisdiction to decide a case if it is moot because constitutional authority extends only to actual cases or controversies.  *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985); *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983).  A case is moot when the issues are no longer live or the parties lack a legally cognizable interest in the outcome and when a court's decision will no longer have an impact on the petitioner.  *Sample*, 771 F.2d at 1338-39.  A court may still review a case where the injury is "capable of repetition yet evading review" as to the complainant.  *Id.* at 1339 (citation omitted).  The "capable of repetition doctrine" may only be

applied in exceptional situations where the petitioner can show a "demonstrated probability" that he will be subject to the same injury again. *Id.* The burden is on the plaintiff to show the likelihood of a recurring injury. *Id.* at 1342.

Petitioner's allegations in the petition center on the alleged failure of respondents to release him from prison pursuant to the grant of parole. Petitioner has now been released on parole. The petition is rendered moot because a decision on the merits of the petition would have no impact on petitioner. *Sample*, 771 F.2d at 1338-39. In his opposition, petitioner concedes that he has been released from prison and he fails to demonstrate that his claims are capable of repetition.

As to petitioner's additional claims in the petition regarding being subjected to violence and a lack of medical care, these issues are not properly raised in a federal habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973). To the extent that petitioner seeks monetary relief, that form of relief is not available in a federal habeas action. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 493.

Petitioner argues that his habeas petition can be construed as a civil rights claim pursuant to 28 U.S.C. § 1983. The habeas petition sought an "immediate or speedier release" from confinement, an argument in which habeas corpus is the exclusive remedy. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Preiser*, 411 U.S. at 500. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. Petitioner fails to demonstrate any basis upon which this Court may convert a habeas petition into a § 1983 civil rights complaint. Moreover, petitioner has already filed a § 1983 action regarding the Department of Corrections' failure to release him on parole, pending before this Court. *See* Case No. 2:13-cv-1358-MMD-PAL. The petition in the instant action is dismissed as moot.

**D. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th

Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of appealability.

**III. Conclusion**

    **IT IS THEREFORE ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 6) is **DENIED.**

    **IT IS FURTHER ORDERED** that respondents' motion to strike petitioner's "rebuttal" (ECF No. 18) is **GRANTED.**  The Clerk of Court **SHALL STRIKE** petitioner's "rebuttal" filed at ECF No. 17.

    **IT IS FURTHER ORDERED** that respondents' first motion to dismiss (ECF No. 11) is **DENIED** as moot.

    **IT IS FURTHER ORDERED** that respondents' amended motion to dismiss (ECF No. 20) is **GRANTED.**

    **IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as moot.

    **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

    **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

    **DATED** this 19th day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court